**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FELICISIMO S SANTOS JR.,
      Appellant,

    v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
NY-0752-24-0077-I-1

DATE:  February 18, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

Christopher Forasiepi, Esquire, Dallas, Texas, for the appellant.

Diane Tardiff and Edward Carney, Bedford, Massachusetts, for the agency.

Thien-Nga Muller, Esquire, Albany, New York, for the agency.

Justina Lillis, Esquire, and Kimberly Thrun, Esquire, Cheektowaga, New York, for the agency.

Timothy O Boyle, Hampton, Virginia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant argues that the administrative judge erred in disregarding his claim of whistleblower reprisal. We agree.

In his pleadings below, the appellant alleged that he was removed in retaliation for his equal employment opportunity (EEO) activity and his disclosures to the agency's Office of Accountability and Whistleblower Protection (OAWP). Under 5 U.S.C. § 2302(b)(9)(C), it is a prohibited personnel practice to take a personnel action against an employee in reprisal for "cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law." The Board has recently held that section 2302(b)(9)(C), unlike section 2302(b)(8), is devoid of explicit content-based limitations. *See Holman v. Department of the Army*, 2025 MSPB 2, ¶ 12; *Reese v. Department of the Navy*, 2025 MSPB 1 ¶ 46. Furthermore, the agency's Office of Resolution Management, which processed the appellant's EEO complaints, and the OAWP appear to be components responsible for internal investigation or review. We therefore conclude that, regardless of the specific allegations the appellant made in his EEO and OWCP complaints, his whistleblower retaliation claim is cognizable under section 2302(b)(9)(C) and distinct from his claim of retaliation under Title VII.

The Board has required its administrative judges to apprise appellants of the applicable burdens of proving a particular affirmative defense, as well as the kind of evidence required to meet those burdens. *Erkins v. U.S. Postal Service*,

108 M.S.P.R. 367, ¶ 8 (2008). When an administrative judge fails to inform the parties of their burden and methods of proof, and the appellant has not withdrawn or abandoned the affirmative defense, the Board typically remands the appeal so the administrative judge can afford such notice and an opportunity to submit evidence and argument under the proper standard. *Id.*; *see, e.g.*, *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 7 (2015). Here, not having had the benefit of *Reese* and *Holman*, the administrative judge did not provide the parties with notice of their respective burdens of proof regarding the appellant's section 2302(b)(9)(C) claim. Accordingly, we remand the appeal for further development of the record and a finding on the merits of that defense. The administrative judge may adopt her previous findings regarding the charge and the appellant's Title VII retaliation claim.[2]

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:        *Gina K. Grippando*

                                     _____
                                     Gina K. Grippando
                                     Clerk of the Board

Washington, D.C.

---

[2] We have considered the appellant's remaining arguments and find that they are without merit.